OPINION
{¶ 1} Plaintiffs-appellants Steven and Angela Shankle and the Duke Family Limited Partnership appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants-appellees the City of Canton, Ohio and Jim Petro, Ohio Attorney General. Appellants had brought a direct constitutional challenge to Canton City Ordinance 1135.12. The trial court found the ordinance is constitutional, and also found appellants had failed to pursue their administrative appeals. Appellants assign five errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND CANTON CITY ORDINANCE 1135.12 UNCONSTITUTIONAL WHERE THE ORDINANCE DEPRIVES THE LANDOWNER OF ALL USE OF HIS LAND FOR DEVELOPMENT.
 {¶ 3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, WHERE THE APPELLANTS PRESENTED COMPETENT AND CREDIBLE EVIDENCE THAT THE LOTS ARE SUITABLE FOR SINGLE FAMILY HOMES BUT ARE OF MINIMAL VALUE IF NOT BUILDABLE, WHEN THE APPELLEES CAME FORWARD WITH NO COMPETENT CREDIBLE EVIDENCE IN OPPOSITION.
 {¶ 4} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT APPELLANTS WERE REQUIRED TO EXHAUST AN ADMINISTRATIVE REMEDY (APPEAL OF THE BOARD OF ZONING APPEALS DECISION TO COMMON PLEAS COURT), WHEN THE APPELLEE DID NOT SPECIFICALLY ASSERT THIS AFFIRMATIVE DEFENSE IN ITS ANSWER.
 {¶ 5} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANTS COULD NOT HAVE HAD INVESTMENT BACKED EXPECTATIONS FOR THE LAND BECAUSE THEY PURCHASED THE LOTS AFTER ESTABLISHMENT OF THE ZONING ORDINANCES, WHEN THE APPELLANTS HAVE THE RIGHT TO CHALLENGE THE ORDINANCE.
 {¶ 6} "V. THE TRIAL COURT ERRED AS MATTER OF LAW IN FINDING NO VALID PRE-EXISTING USE, OR THAT THE USE WAS LOST AS THE PROPERTY REMAINED VACANT FOR MORE THAN A YEAR."
 {¶ 7} Appellants' statement pursuant to Loc. R. 9 (A) states the trial court's judgment is inappropriate as a matter of law on undisputed facts.
 {¶ 8} The trial court set forth the undisputed facts in its judgment entry of December 9, 2005. The case involves Canton City Lots No. 25120, 25121, and 25132. The lots were originally part of the J. Deville Addition which was platted in 1915. The area is zoned R-1A.
 {¶ 9} In 1996, the Duke Family Partnership acquired Lot 25132. In 1999, Steven Shankle, the managing partner of the Duke Family Partnership, acquired Lots 25120 and 25121. The lots are 42 feet wide by 120 feet deep, 45 feet wide by 135 feet deep, and 45 wide by 135 feet deep respectively. Lots 25120 and 25121 are adjacent to one another. Shankle owns a lot adjacent to 25132.
 {¶ 10} Appellants allege the J. DeVille Addition was platted for 26 single family lots. Currently, there are approximately 16 homes in the allotment, 3 of which sit on lots with only 40 feet of frontage. Homes were built in the allotment as early as 1907 and as late as 1983. At the hearing on the variance requests, appellants presented evidence a single residence had once been on lots 25120 and 25121.The residence burned down seven or eight years earlier and the lots are now vacant, while lot 25132 has never been developed.
 {¶ 11} The court found that at least since 1984, the City of Canton has regulated residential lot size. City Ordinance 1135.12 requires single family homes in an R-1A district to be built on lots having a minimum total area of 6,000 square feet and minimum lot frontage of 60 feet.
 {¶ 12} Appellants argue they purchased the parcels as investment properties, with the specific intent to build single family homes on each lot, either for sale or rental. Because none of the lots meet the minimum buildable lot size requirements, appellants applied for four variances with the Board of Zoning Appeals. Three of the variances addressed the minimum 60 foot lot frontage, and the fourth sought a variance because Lot 25132 does not meet the total square footage requirement. The Board of Zoning Appeals denied each of the requests.
 {¶ 13} Appellants did not appeal the Board's decision, but sought declaratory relief in common pleas court. The trial court entered summary judgment in favor of appellees, finding the ordinance is constitutional. This court reviews summary judgments using the same standard as the trial, Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St. 35.
 {¶ 14} The leading case in this area is Lingle v. ChevronU.S.A., Inc. (2005), 544 U.S. 528, 125 Supreme Court 2074. Before Lingle, the United States Supreme Court applied the test announced in Agins v. City of Tiburon (1980), 447 U.S. 255, 100 Supreme Court 2138. The Agins case held government regulation of private property results in a "taking" if it does not substantially advance legitimate state interests or have substantial relation to the public safety, morals, or general welfare. The Lingle court found this formula fails to take into account the magnitude or character of the regulatory burden the state has imposed on the property.
 {¶ 15} Lingle discussed several alternative means of challenging a governmental regulation as an uncompensated taking. Of these, appellants use the test enunciated in Penn CentralTransportation Company v. New York (1978), 438 U.S. 104. InPenn Central, the Supreme Court found although a regulation is not a taking if it merely deprives a landowner of the most beneficial use of his property, it may be a compensable taking if it serves to frustrate distinct investment-backed expectations.
 {¶ 16} The Ohio Supreme Court held the application of a zoning ordinance to a particular parcel of land is not deemed an unconstitutional taking unless the zoning designation denies the landowner all economically viable use of the land, State ex rel.Shemo v. Mayfield Heights, 95 Ohio St. 3d 59, 2002-Ohio-1627.
 I, II, IV {¶ 17} These assignments of error are interrelated, and we address them together for clarity. Appellants argue the trial court erred as a matter of law in finding Canton City Ordinance 1135.21 constitutional, because appellees' enforcement of the ordinance deprives appellants of their investment-backed expectations in the property, and effectively prohibits them from developing the property for future sale or rental. Appellants assert the denial of the variances greatly reduces the value of the property.
 {¶ 18} The trial court found appellants purchased one of the lots in 1996 and the other two in 1999, while the ordinance has been in effect since 1984. The court found the property was therefore subject to the ordinance, and at the time appellants purchased them, appellants did not have a right to build single family homes on each lot. Thus, the court concluded appellants had no legitimate investment-backed expectations they would be able to develop each lot.
 {¶ 19} The trial court noted appellants submitted evidence each lot, if buildable, is worth $10,000 in value. If not useable for single family residential construction, the value drops to $2,500 per lot. Appellees did not dispute this evidence. The court found the impact of the ordinance deprives appellants of the highest and best use of their property, but does not render it totally useless. The court found appellants could build a home by combining the adjacent lots 25120 and 25121. Similarly, appellant Steven Shankle owns a property adjacent to 25132 and could use these properties together as well.
 {¶ 20} Appellants cite us to Negin v. Board of Building andZoning Appeals for the City of Mentor (1982),60 Ohio St. 2d 492. Negin, as here, dealt with property which did not meet the minimum area and frontage requirements for building. The Board of Zoning Appeals had denied Negin's application for a variance because the abutting property was for sale. The Board reasoned Negin could purchase the adjoining property, giving him a property large enough to satisfy the zoning requirements. The Supreme Court found this constituted an unconstitutional taking because the lot had been platted prior to the enactment of the ordinance, and the ordinance rendered the lot useless for any practical purpose. The Supreme Court was particularly offended the Board of Zoning required Negin to purchase additional property.
 {¶ 21} Negin inherited the property from his father's estate, but the father acquired it after the zoning ordinance was passed. Here, appellants did not inherit the property, but chose to purchase it. In Negin, the property was useless without a variance, whereas here appellants can develop their lots, albeit not to the best economic advantage. Negin is also distinguishable because appellants are not required to purchase other property in order to make the lots useable, but could utilize lots they already own.
 {¶ 22} We find the trial court was correct in finding the ordinance did not frustrate any investment-backed expectations for appellants' land because at the time they purchased the property, they could not use it for individual single family residences. Although appellants had the right to apply for a variance, or challenge the ordinance, they could not be certain of success, and thus, they could have no reasonable investment-backed expectation to develop each lot. Accordingly, the fourth assignment of error is overruled.
 {¶ 23} We find the trial court did not err in determining appellants were not deprived of all use of their land for development, and hence, the first and second assignments of error are overruled.
 V {¶ 24} In their fifth assignment of error appellants urge the trial court erred in finding their lots had no pre-existing use, or that the use had lapsed. Appellants argue the property in question was platted as residential lots before the zoning ordinances were enacted, and in the allotment there are homes built on lots smaller than the ones at issue.
 {¶ 25} Appellants urge the circumstances are like Negin,
supra, but we have determined Negin is inapplicable here.
 {¶ 26} In Milton v. Williamsburg Township Board of ZoningAppeals, Clairmont App. No. 2003-04-030, 2004-Ohio-1367, the Twelfth District Court of Appeals found a non-conforming use is lost where the landowner chooses not to use the lots for two years or more after the enactment of the zoning resolution. TheMilton court noted the lots could be combined, and in fact, the appellants had taken some steps to do so.
 {¶ 27} The Milton court cited Ketchel v. BainbridgeTownship (1990), 52 Ohio St. 3d 239, as authority for the proposition a property owner must demonstrate the zoning restrictions render the property effectively valueless and without any beneficial economic use. This requires something more than loss of market value or comfortable enjoyment of the property, Milton, at paragraph 18, citations deleted.
 {¶ 28} We find the trial court did not err in finding no pre-existing use. The fifth assignment of error is overruled.
 III. {¶ 29} In their third assignment of error, appellants argue the trial court was incorrect when it held their failure to pursue their administrative remedies barred them from arguing the application of the ordinance to the properties was arbitrary and capricious. Because we affirm the trial court's judgment on other grounds, the assignment of error is overruled as moot.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Reader, V.J., Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellants.