OPINION *Page 2 
{¶ 1} Appellant Sherry's Treasures, LLC. appeals the Stark County Court of Common Pleas decision affirming the City of Alliance Board of Zoning Appeals and finding that Alliance Ordinance 28-03 was effective May 18, 2003.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The relevant facts in this case are as follows:
 {¶ 3} Sherry's Treasures, LLC. was formed on November 8, 2004, with Appellants Nicholas L. Hustus and Sherry A. Hustus as its members.
 {¶ 4} On or about April 2, 2003, Appellants' purchased the subject premises located at 345 Walker Avenue, Alliance, Ohio 44601, which was a single family residence, from John S. Smith and Mary K. Smith. Said deed was recorded on April 14, 2003, in Instrument No. 200304140033316.
 {¶ 5} Prior to purchasing the premises, on or about the 1st day of April, 2003, Appellants' entered into a lease with four (4) unrelated persons, namely Crystal Reep, Lesley Hendershot, Ryan Manner and Stuart Jackson ("Tenants"). The effective date and lease term started on June 1, 2003. (T. at 12).
 {¶ 6} The fact that the "Tenants" were unrelated is relevant to this appeal because on February 18, 2003, City of Alliance Ordinance 28-03 was introduced to Alliance City Council. The Ordinance limits the number of tenants in a single family residence to not more than two (2) persons unrelated by blood or marriage by changing the definition of "family" which applies to all zoning districts in the City.
 {¶ 7} The Ordinance received a Second Reading on March 3, 2003, and a Third Reading on March 17, 2003. Ordinance No. 28-03 was "Passed" by Council on May 19, *Page 3 
2003 with an emergency clause (Planning and Zoning Code Section 1139.02 (11) attached to Appellants' Brief as "Exhibit 2"). The Ordinance was signed by Mayor Middleton on May 21, 2003 so the "effective" date of the Ordinance was May 21, 2003 not the May 19, 2003 date acknowledged by Appellants and their Counsel at the Hearing before the Board of Zoning Appeals (T. at 8, 15).
 {¶ 8} Sometime during the month of April, 2003, Appellants received a quote to have work performed at the subject premises in April of 2003. A work order from Burden Electric Co., Inc. was attached to the Brief of Appellant.
 {¶ 9} Appellants offered no testimony to the Board of Zoning Appeals concerning the Burden Electric work or any other work that was done on the premises to establish that the work was done solely, primarily, or even partially to make the premises suitable for four (4) unrelated persons to occupy as opposed to being done to make the premises more suitable for two (2) unrelated persons. The premises were not converted to a duplex and remain a single family residence.
 {¶ 10} On or about April 30, 2003, Appellants received a security deposit from each tenant in the amount of Three Hundred Ninety and No/100 Dollars ($390.00) as well as the first month's rent from each tenant in the amount of Three Hundred Ninety and No/100 Dollars ($390.00).
 {¶ 11} The "Tenants" in this case actually moved into the premises in either June or July 2003 according to Appellant Sherry A. Hustus. (T. at 11). The premises were not occupied as a rental unit prior to the effective date of Ordinance 28-03, May 21, 2003. *Page 4 
 {¶ 12} On May 19, 2003, the Alliance City Council passed Ordinance No. 28-03. Ordinance 28-03 amended Alliance Codified Ordinance Sec. 1139.02(1) to change the definition of "family." The Ordinance states in pertinent part:
 {¶ 13} "WHEREAS, the Alliance Codified Ordinances permit the renting of rooms as an accessory used in R-2 Districts only; and
 {¶ 14} "WHEREAS, Council has determined that the practice of renting to or otherwise authorizing occupancy of single family housing unit by multiple unrelated persons is not a single family useage (sic) of property; and
 {¶ 15} "WHEREAS, this Council finds it necessary to clarify and amend zoning code of the City of Alliance to protect the integrity of single family residential zoned districts.
 {¶ 16} * * *
 {¶ 17} "Section 1. That the Alliance Codified Ordinances Section 1139.02(11) is hereby amended in its entirety to read as follows:
 {¶ 18} "(11) "Family" means one or more persons related by blood, marriage or adoption to live together in one residence unit and maintain a common household; or not more than two persons not related by blood, marriage or adoption who live together in one dwelling unit and maintain a common household. * * *
 {¶ 19} * * *
 {¶ 20} "Section 4. That this Ordinance is hereby declared to be an emergency measure, necessary for the immediate preservation of the public peace, for the further reason that the integrity of R-1 districts will continue to erode without this ordinance and provided that it receives the affirmative vote of two-thirds of the members elected to *Page 5 
Council, it shall take effect and be in force immediately upon its passage and approval by the Mayor. Otherwise, it shall take effect and be in force from and after the earliest period allowed by law."
 {¶ 21} The Mayor signed the Ordinance on May 21, 2003.
 {¶ 22} By letter dated March 13, 2006, William T. Hawley, Zoning Inspector, gave Sherry's Treasures, LLC (hereinafter "Sherry's") a Notice of Violation of Section 1155.01 of the Codified Ordinances of the City of Alliance.
 {¶ 23} On or about March 29, 2006, Appellants filed an Appeal from the Order of Zoning Inspector.
 {¶ 24} The City of Alliance Board of Zoning Appeals ("BZA") heard the appeal on May 16, 2006. At the hearing, Appellants asserted a prior non-conforming use. After much deliberation, the BZA argued that the use of the property as a rental unit for four unrelated college students was not a prior non-conforming use.
 {¶ 25} On June 12, 2006, Sherry's Treasures, LLC, et al., filed its Notice of Appeal of the decision of the BZA with the Stark County Common Pleas Court pursuant to R.C. Section 2506.
 {¶ 26} The trial court affirmed the City of Alliance Board of Zoning Appeals and found that Alliance Ordinance 28-03 was effective May 19, 2003.
 {¶ 27} Sherry's Treasures, LLC, et al., filed its Notice of Appeal with this Court on November 21, 2006.
 {¶ 28} Appellants now assign the following errors for review: *Page 6 
 ASSIGNMENTS OF ERROR {¶ 29} "I. THE TRIAL COURT ERRED IN FINDING THAT ORDINANCE 28-03 WENT INTO EFFECT MAY 19, 2003.
 {¶ 30} "II. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NOT A PRIOR NON-CONFORMING USE OF THE PROPERTY.
 {¶ 31} "III. THE TRIAL COURT ERRED IN FINDING THERE WAS NO TAKING OF THE APPELLANT'S PROPERTY."
 I. {¶ 32} In their first assignment of error, Appellants argue that the trial court erred in finding that the effective date of the ordinance was May 19, 2003.
 {¶ 33} The Zoning Inspector's citation, which is the basis of this appeal, sets forth the May 19, 2003, date as the effective date of Ordinance 28-03.
 {¶ 34} Appellants argued before the trial court that "[a]n ordinance takes effect thirty (30) days after passage unless vetoed or unless a specific determination is made that the ordinance is necessary for the immediate preservation of the public peace, health, or safety in such municipal corporation."
 {¶ 35} The trial court found this argument to be not well taken pursuant to R.C. § 731.30, finding that "Ordinance 28-03 included the proper language in order for the ordinance to go into immediate effect on May 19, 2003."
 {¶ 36} Appellants argue that the subject ordinance did not qualify as an emergency measure and that therefore this Court should find that the effective date of the ordinance was June 18, 2003, thirty days from the date of passage of the resolution, *Page 7 
pursuant to R.C. § 705.16. In the alternative, Appellants argue that we find the effective date was May 21, 2003, the date the Mayor signed the ordinance.
 {¶ 37} The Ohio Supreme Court has recognized that "[w]here an ordinance, passed by the council of a municipality, is declared to be an emergency * * * and sets forth the reasons for the immediate necessity thereof, the legislative determination of the existence of an emergency is not reviewable by a court." Jurcisin v. Cuyahoga Cty. Bd. ofElections (1988), 35 Ohio St.3d 137.
 {¶ 38} In State ex rel. Webb v. Bliss, 99 Ohio St.3d 166,2003-Ohio-3049, the Supreme Court went on to explain:
 {¶ 39} "The rationale for the R.C. § 731.30 requirement of stating reasons for declaring an emergency is to satisfy voters that their representatives had valid reasons to declare that the ordinance was an emergency, and "`[i]f there was in fact no emergency or if the reasons given for such necessity are not valid reasons, the voters have an opportunity to take appropriate action in the subsequent election of their representatives.'" State ex rel. Moore v. Abrams (1991),62 Ohio St.3d 130, 132, quoting State ex rel. Fostoria v. King (1950),154 Ohio St. 213, 220-221.
 {¶ 40} "Nevertheless, the statutory duty to set forth reasons for an emergency in an ordinance is mandatory. Hence, the failure to do so, for example, by including purely conclusory, tautological, or illusory language in the emergency measure fails to meet the R.C. § 731.30
requirements for a valid emergency ordinance. State ex rel. Waldick v.Williams (1995), 74 Ohio St.3d 192, 195; Moore,62 Ohio St.3d at 132-133." Id.
 {¶ 41} Therefore, the dispositive issue is whether Ordinance No. 28-03 sufficiently sets forth the reasons for its passage as an emergency measure. *Page 8 
 {¶ 42} We hold that it does. As set forth above, Ordinance 28-03 contained an emergency declaration in "Section 4" which stated that such ordinance was "necessary for the immediate preservation of the public peace, for the further reason that the integrity of R-1 districts will continue to erode without this ordinance."
 {¶ 43} Upon review, we find that the actual effective date of the ordinance was May 21, 2003, the date the Mayor signed the ordinance
 {¶ 44} We therefore find Appellants' first assignment of error not well-taken and overrule same.
 II. {¶ 45} In their second assignment of error, Appellants argue that the trial court erred in not finding that Appellants' property was a prior non-conforming use. We disagree.
 {¶ 46} As defined by R.C. § 713.15, prior non-conforming use is "[t]he lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enacting a zoning ordinance or an amendment to the ordinance, may be continued, although such use does not conform with the provisions of such ordinance or amendment * * *."
 {¶ 47} Upon review, this Court finds that the trial court did not err in upholding the decision of the BZA. The lease with the tenants in the case sub judice was signed on April 1, 2003, but the tenants could not take occupancy until June, 2003.
 {¶ 48} Sec. 1139.02(11) defined "family" as individuals physically living together. While the lease was signed in April, 2003, the tenants did not physically live together at *Page 9 
the property until June, 2003, after the enactment of amended Sec. 1139.02(11) on May 21, 2003.
 {¶ 49} Based on the foregoing, we find that the decision of the trial court is supported by substantial, reliable and probative evidence.
 {¶ 50} Appellant's second assignment of error is overruled.
 III. {¶ 51} In their third assignment of error, Appellants argue that the trial court erred in not finding that there was a taking of Appellants' property. We disagree.
 {¶ 52} The Ohio Supreme Court held the application of a zoning ordinance to a particular parcel of land is not deemed an unconstitutional taking unless the zoning designation denies the landowner all economically viable use of the land, State ex rel. Shemov. Mayfield Heights, 95 Ohio St.3d 59, 2002-Ohio-1627; Shankel v. Cityof Canton, Stark App. No. 2006-CA-0004, 2006-Ohio-4070
 {¶ 53} Upon review, we find that the trial court did not err in finding Appellants still have the ability to use the subject property as a rental unit, albeit as a rental to two unrelated persons, rather than four. The property is usable to Appellants as a rental property, just not to their best economic advantage. See Shankel v. City ofCanton, Stark App. No. 2006-CA-00004, 2006-Ohio-4070. *Page 10 
 {¶ 54} Appellant's third assignment of error is overruled.
 {¶ 55} For the forgoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J., Farmer, P. J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to appellants. *Page 1