[Cite as *State ex rel. Fair v. Canton*, 2012-Ohio-779.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE ex rel. TAMMY FAIR | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2011 CA 00132 |
| CITY OF CANTON | |
|     Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No.  2011 CV 00189


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      February 27, 2012


APPEARANCES:

For Plaintiff-Appellant

ALYSSA KEENEY
Post Office Box 39631
Solon, Ohio  44139

WARNER MENDENHALL
190 North Union Street, Suite 201
Akron, Ohio  44304

For Defendant-Appellee

KEVIN R. L'HOMMEDIEU
THOMAS R. CURNS
CANTON LAW DEPARTMENT
218 Cleveland Avenue, SW
Canton, Ohio  44701-4218

*Wise, J.*

{¶ 1} Appellants Tammy Fair and Total Image, LLC appeal the decision of the Stark County Common Pleas Court granting summary judgment in favor of Appellee City of Canton.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} In August, 2001, Appellant Tammy Fair purchased property located at 3400 West Tuscarawas Street in Canton, Ohio. The structure on the property was a Victorian, two-and-a-half story, red brick house. The property had previously been zoned as a "PB-3, custom draperies and resale shop". Appellant Fair wanted to operate a salon/spa business on the property so she applied for a planned district zone change to a "PB-3, beauty salon and day spa."

{¶ 3} On October 29, 2001, Canton City Council approved the planned district zoning change.

{¶ 4} Appellant Total Image, LLC obtained a $65,000 loan from the Canton Community Improvement Corporation to remodel the property and purchase equipment, then opened a full-service salon and spa, offering massage, skin care, nails and pedicures and full hair service.

{¶ 5} Appellant Fair operated Total Image at that location until early 2009 when it defaulted on its loan and closed its doors.

{¶ 6} On two occasions prior to the closing of Total Image, once in 2005 and again in 2008, Appellant was approached by a real estate developer whose client wanted to build a Walgreen's drugstore at that location. Appellant entered into an agreement, contingent on the developer's client's ability to purchase the surrounding

properties and obtain the necessary zoning change from the current PB-3 to a General Business District, B-3.

{¶ 7}  In 2006, Appellant Tammy Fair attempted to gain approval to change her parcel from "PB-3" to "B-3" so that she could close on an offer to purchase the property but was unsuccessful.

{¶ 8}  In 2008, the developer again approached Appellant Fair with a similar offer to purchase, but Fair was again unsuccessful in her attempts of obtain the change in zoning.

{¶ 9}  On January 18, 2011, Appellant Fair filed a Complaint with Stark County Court of Common Pleas seeking a declaratory judgment that the City of Canton's ordinances regarding "Planned" zoning districts is unconstitutional and further seeking a writ of mandamus compelling the City of Canton to commence an action and compensate her for the taking of her property without just compensation.

{¶ 10} On May 9, 2011, Appellee filed a motion for summary judgment on all issues.

{¶ 11} On May 23, 2011, Appellants filed a response to Appellee's motion for summary judgment.

{¶ 12} By Judgment Entry filed June 8, 2011, the trial court granted Appellee City of Canton's Motion for Summary Judgment, finding that the City of Canton's zoning ordinance is "constitutional on its face and as applied to Fair as it bears a rational relationship to a legitimate regulatory purpose."

{¶ 13} Appellants assign the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶ 14} "I. THE COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE ORDINANCE IS CONSTITUTIONAL ON ITS FACE AND AS APPLIED TO PLAINTIFF'S PROPERTY BECAUSE IT IS ARBITRARY, CAPRICIOUS, UNREASONABLE, CONFISCATORY.

{¶ 15} "II. THE COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE ORDINANCE IS CONSTITUTIONAL ON ITS FACE AND AS APPLIED TO PLAINTIFF'S PROPERTY BECAUSE IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE OHIO CONSTITUTION.

{¶ 16} "III. THE COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT THE ORDINANCE CONSTITUTES A TAKING WITHOUT JUST COMPENSATION, AND GRANTING SUMMARY JUDGMENT TO DEFENDANT CITY OF CANTON ON THIS ISSUE."

**STANDARD OF REVIEW**

{¶ 17} We will first address the standard of review applicable to Appellants' Assignments of Error.

{¶ 18} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639, 1996-Ohio-211:

{¶ 19} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and

viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶ 20} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

**I., III.**

{¶ 21} In their first and third assignments of error, Appellants claim that the trial court erred in not finding that the Canton City Ordinance is unconstitutional both on its face and as applied and that such zoning is not an unconstitutional taking of her property without just compensation. We disagree.

{¶ 22} We begin our analysis of Appellants' challenge to the Canton City Ordinance by recognizing that zoning ordinances are presumed to be constitutional. *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 209; *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 446 N.E.2d 449. Courts must apply "all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional." *Id.* A court should not declare a legislative enactment unconstitutional if there is a rational interpretation that would preserve its constitutionality. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 330 N.E.2d 896. Zoning ordinances are presumed constitutional unless a court determines that the

ordinance is "clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 214, 690 N.E.2d 510.

{¶ 23} In order to invalidate a zoning ordinance, the challenging party must demonstrate, beyond fair debate, that the zoning classification is "'arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" *Id.* at 210. (Citation omitted.) The "beyond fair debate" standard is similar to the "beyond a reasonable doubt" standard used in the context of a criminal trial. *Heritage Dev. Co., LLC v. Willoughby Hills,* 11th Dist. No. 2001-L-221, 2002-Ohio-7269, at ¶ 17. (Citation omitted.)

{¶ 24} In the context of this case, Appellants are raising two types of challenges to the zoning ordinance: a facial challenge and an as-applied challenge.

{¶ 25} A zoning ordinance can be challenged on its face or on the particular set of facts to which the statute has been applied. *Harold v. Collier,* 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph four of the syllabus. When a statute is challenged on its face, the challenger must demonstrate that no set of circumstances exists under which the statute would be valid. Id., citing *United States v. Salerno* (1987), 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697. The fact that the statute could operate unconstitutionally under some given set of facts or circumstances is insufficient to render it wholly invalid. Id."

{¶ 26} Conversely, when a statute is challenged as applied, the challenger must establish by clear and convincing evidence an existing set of facts that renders the

statute invalid when applied to those facts." *Smith v. Jones,* 175 Ohio App.3d 705, 2007-Ohio-6708, 889 N.E.2d 141, ¶ 14, citing *Harold,* 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, at ¶ 38.

{¶ 27} The Supreme Court of Ohio has stated:

{¶ 28} "In a facial challenge to a zoning ordinance, the challenger alleges that the overall ordinance, on its face, has no rational relationship to a legitimate governmental purpose and it may not constitutionally be applied under any circumstances.* * *

{¶ 29} "In an 'as applied' challenge to a zoning ordinance, the landowner questions the validity of the ordinance only as it applies to a particular parcel of property. If the ordinance is unconstitutional as applied under those limited circumstances, it nevertheless will continue to be enforced in all other instances. * * * A landowner may also allege that the ordinance so interferes with the use of the property that, in effect, it constitutes a taking of the property. * * *." *Jaylin Investments, Inc. v. Moreland Hills,* 107 Ohio St.3d 339, 2006-Ohio-4, at ¶ 11-12. (Internal citations omitted.)

{¶ 30} In the case sub judice, Appellant is alleging that the City of Canton's zoning constitutes a taking of her property.

Facial Challenge

{¶ 31} As set forth above, when a zoning ordinance is challenged on its face, the challenger must demonstrate that no set of circumstances exists under which the statute would be valid. Id., citing *United States v. Salern*, supra*.

{¶ 32} The Supreme Court of Ohio has stated:

{¶ 33} "In a facial challenge to a zoning ordinance, the challenger alleges that the overall ordinance, on its face, has no rational relationship to a legitimate governmental purpose and it may not constitutionally be applied under any circumstances.* * *

{¶ 34} Here, the codified policy of Canton's zoning ordinance is to "promote the stability and preservation of residential neighborhoods" and to "encourage the economic stability and growth."

{¶ 35} Upon review, we find that the "Planned" designation in the case *sub judice* guarantees that properties who apply for a zoning change, use the property in accordance with the zoning change. We find that such ordinance is rationally related to encourage the economic stability and growth while protecting the stability and preservation of residential neighborhoods.

{¶ 36} As such, we do not find such ordinance to be unconstitutional on its face.

<u>As-applied Challenge</u>

{¶ 37} In *Jaylin,* supra, the Supreme Court of Ohio reiterated the appropriate analysis to employ when considering whether a zoning ordinance is constitutional, as applied to a property owner.

{¶ 38} "In a constitutional analysis, the object of scrutiny is the legislative action. The zoning ordinance is the focal point of the analysis, not the property owner's proposed use, and the analysis begins with a presumption that the ordinance is constitutional. The analysis focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property. If application of

the zoning ordinance prevents an owner from using the property in a particular way, the proposed use is relevant but only as one factor to be considered in analyzing the zoning ordinance's application to the particular property at issue." *Jaylin,* 107 Ohio St.3d 339, at ¶ 18.

{¶ 39} "In an 'as applied' challenge to a zoning ordinance, the landowner questions the validity of the ordinance only as it applies to a particular parcel of property. If the ordinance is unconstitutional as applied under those limited circumstances, it nevertheless will continue to be enforced in all other instances. * * * A landowner may also allege that the ordinance so interferes with the use of the property that, in effect, it constitutes a taking of the property. * * *." *Jaylin Investments, Inc. v. Moreland Hills,* 107 Ohio St.3d 339, 2006-Ohio-4, at ¶ 11-12. (Internal citations omitted.)

{¶ 40} Here, Appellant sought and successfully obtained a zoning designation change when she purchased the property. In fact, she operated a business at this location under that "Planned" zoning designation for approximately eight years. The ordinance herein does not render the property economically non-viable; it is just that now Appellant needs a different zoning designation to allow her to engage in a more lucrative sale of her property.

{¶ 41} Appellant's inability to get a second zoning designation change does not make the zoning ordinance unconstitutional as applied to Appellant's property. We find that the zoning ordinance herein furthers the purpose preserving the integrity of the surrounding neighborhoods.

**{¶ 42}** We find that Appellant has not demonstrated beyond fair debate, that the zoning classification is "arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."

Takings Clause

**{¶ 43}** Appellant has also argued that the zoning ordinance herein constitutes an unconstitutional taking of her property, in violation of the Fifth Amendment of the United States Constitution, for which she is entitled to compensation. More specifically, Appellant argues that the ordinance herein interferes with an investment expectation in the property.

**{¶ 44}** "As its text makes plain, the Takings Clause 'does not prohibit the taking of private property, but instead places a condition on the exercise of that power.' * * * In other words, it 'is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking.' * * * While scholars have offered various justifications for this regime, we have emphasized its role in 'bar[ring] Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.' " *Lingle,* at 536-537. (Citations omitted; emphasis sic.) Cf. Section 19, Article I, Ohio Constitution (providing that private property shall not be taken for public use without just compensation).

**{¶ 45}** "Two types of regulatory actions will be deemed to be per se takings for Fifth Amendment purposes: first, those government actions that cause an owner to suffer a permanent physical invasion of property * * * and second, government regulations that completely deprive an owner of '*all* economically beneficial uses' of the

property." *Shelly Materials,* at ¶ 18, quoting *Lucas v. South Carolina Coastal Council* (1992), 505 U.S. 1003, 1019, 112 S.Ct. 2886, 120 L.Ed.2d 798. (Emphasis sic.)

{¶ 46} The Ohio Supreme Court held the application of a zoning ordinance to a particular parcel of land is not deemed an unconstitutional taking unless the zoning designation denies the landowner all economically viable use of the land, *State ex rel. Shemo v. Mayfield Heights,* 95 Ohio St.3d 59, 2002-Ohio-1627; *Shankel v. City of Canton,* Stark App.No. 2006-CA-0004, 2006-Ohio-4070.

{¶ 47} A zoning regulation has denied all economically viable uses of land where the regulation so "restricts the use of the land as to render it valueless, the permitted uses are not economically feasible, or the regulation permits only uses which are highly improbable or practically impossible under the circumstances." *Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Tp. Bd. of Zoning Appeals* (1988), 38 Ohio St.3d 184, 186.

{¶ 48} Upon review, we find that the trial court did not err in finding Appellants still have the ability to use the subject property as zoned. The property is usable to Appellants as a "PB-3" zoned property, just not to their best economic advantage. See *Shankel v. City of Canton,* Stark App.No. 2006-CA-00004, 2006-Ohio-4070.

{¶ 49} Appellant's first and third assignments of error are overruled.

II.

{¶ 50} In her second assignment of error, Appellant argues that the ordinance herein is unconstitutional because it violates the equal protection clause of Ohio's Constitution. We disagree.

{¶ 51} Appellant argues that other surrounding parcels which are similarly situated are not subject to the designation of "Planned" district, thereby burdening "Planned" owners and not others.

{¶ 52} The Fourteenth Amendment to the United States Constitution provides that "[no] State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

{¶ 53} "The limitations placed upon governmental action by the Equal Protection Clauses of the Ohio and United States Constitutions are essentially identical." *Kinney v. Kaiser Aluminum & Chem. Corp.* (1975), 41 Ohio St.2d 120, 123, 322 N.E.2d 880, citing *Porter v. Oberlin* (1965), 1 Ohio St.2d 143, 205 N.E.2d 363. When the government treats similarly situated individuals differently, such action implicates equal protection. *Cleburne v. Cleburne Living Ctr., Inc.* (1985), 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313.

{¶ 54} It is fundamental that legislation cannot be attacked merely because it creates distinctions and thereby classifies the subjects of a law because legislation, by its very nature, treats people by groups and classes and must, of necessity, draw its lines based upon "amalgamations of factors." *Vance v. Bradley* (1979), 440 U.S. 93, 109, 99 S.Ct. 939, 59 L.Ed.2d 171.

{¶ 55} Further, in the absence of a fundamental right or suspect class, a legislative classification will be upheld if it is rational. *Id.; Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563. Because no fundamental right or suspect class is involved here, the rational basis test is applicable to determine whether the ordinance herein violates equal protection.

{¶ 56} Pursuant to this test, an ordinance will be held to be constitutional if it is rationally related to any legitimate governmental interest. *Cleburne,* supra, at 440. Again, enactments of the legislature are valid if "they bear a real and substantial relation to the object sought to be obtained, namely, the health, safety, morals or general welfare of the public, and are not arbitrary, discriminatory, capricious or unreasonable. *** The federal test is similar. To determine whether such statutes are constitutional under federal scrutiny, we must decide if there is a rational relationship between the statute and its purpose." (Internal citations omitted.) *State v. Thompkins,* 75 Ohio St.3d 558, 560, 664 N.E.2d 926, 1996-Ohio-264. In *Police Department of the City of Chicago v. Mosley* (1972), 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212, the Supreme Court held: "As in all equal protection cases, * * * the crucial question is whether there is an appropriate governmental interest suitably furthered by the differential treatment." *Id.* at 95.

{¶ 57} In applying the rational basis test, a court will not overturn an ordinance unless the varying treatment of different groups or persons is so unrelated to the achievement of a legitimate governmental purpose that the court can only conclude the legislature's actions were irrational. *Vance,* supra, at 97.

{¶ 58} Here, this Court has found that the City of Canton has a legitimate interest in creating the "Planned" district. We therefore find such ordinance to be facially constitutional, and find no equal protection violation.

{¶ 59} Likewise, we find that Appellant has failed to prove that such ordinance is unconstitutional in its application. To succeed on her challenge, she must show that

similarly situated persons were treated differently and that such disparate treatment was motivated by a discriminatory purpose.

{¶ 60} Appellant has failed to show that a property like hers, surrounded by residential properties, obtained a "Planned" designation and then later was permitted a change to a "B-3" designation.

{¶ 61} Furthermore, Appellant has failed to set forth any motivation on the part of the City for such alleged discrimination.

{¶ 62} Based on the foregoing, we find no violation of Equal Protection.

{¶ 63} Appellants' second assignment of error is overruled.

{¶ 64} Accordingly, the judgment of the Common Pleas Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

_____

_____

_____

JUDGES

JWW/d 0213

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE EX REL. TAMMY FAIR          :
                                  :
    Plaintiff-Appellant            :
                                  :
-vs-                              :          JUDGMENT ENTRY
                                  :
CITY OF CANTON                    :
                                  :
    Defendant-Appellee             :          Case No. 2011 CA 00132

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES