JAYLIN INVESTMENTS, INC., APPELLANT, *v.* VILLAGE
OF MORELAND HILLS, APPELLEE.

[Cite as *Jaylin Investments, Inc. v. Moreland
Hills,* 107 Ohio St.3d 339, 2006-Ohio-4.]

(No. 2004–1145—Submitted June 15, 2005—Decided January 11, 2006.)

LUNDBERG STRATTON, J.

{¶ 1} This is an appeal from an action seeking a declaratory judgment that a zoning ordinance, as applied to a landowner's proposed use of property, is unconstitutional. Specifically, the question before us involves the extent to which a court's analysis must focus on the owner's proposed use of the property that is prohibited by the zoning regulation.

{¶ 2} We hold that, in a constitutional analysis, the object of scrutiny is the government's action; therefore, the state or local law or regulation is the focal point of the analysis, not the property owner's proposed use. In an "as applied" challenge, the proposed use may be a relevant factor to be considered; however, the owner must also present evidence to overcome the presumption that the zoning is a valid exercise of the municipality's police powers, as it is applied to the property at issue.

{¶ 3} During the years 2000 and 2001, plaintiff-appellant, Jaylin Investments, Inc. ("Jaylin"), purchased 18 acres of undeveloped land in the village of Moreland Hills, Ohio, appellee. The land is an irregularly shaped tract on a hillside isolated between steep ravines to the south and east and older, modest homes on Ellendale Road and Berkeley Avenue to the north and west.

{¶ 4} Jaylin's property is zoned U1 for single-family homes and subject to area regulations on subdivision lots. Moreland Hills Planning and Zoning Code

1129.02 establishes a two-acre minimum lot size[1] and 1129.03 and 1129.04 of the code establish minimum setbacks and side-yard widths for homes throughout the U1 zoned area.

{¶ 5} Jaylin developed plans to build a subdivision on its property to be named Owl Ridge, consisting of 29 homes on lots approximately one-half acre.[2] Jaylin submitted its proposal to the village's planning commission, but the village refused to approve Jaylin's proposal because it violated the area regulations in the Planning and Zoning Code, in particular, the two-acre minimum lot size.

{¶ 6} Jaylin did not formally apply for a variance or seek rezoning of its property, but rather filed a complaint for declaratory judgment under R.C. 2721.03 seeking a declaration that the "prohibition of the Proposed Use by the Village's Planning and Zoning Code does not advance the health, safety, morals or general welfare of the Village, is arbitrary, capricious and unreasonable and is, therefore, unconstitutional as applied to the Property." Jaylin asked for an order requiring the village to permit Jaylin to develop its property as proposed.

{¶ 7} Following a bench trial, the court declared that Jaylin had "demonstrated beyond fair debate that, as applied to the Property, the prohibition in the Village's zoning regulations of the Proposed Use is arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community" and therefore unconstitutional as applied to the property. The court said that Jaylin's proposed use of the property "will have no more adverse impact on the environment than would a development of two acre lots on the Property." The court ordered that Jaylin was entitled to develop its property as it had proposed.

{¶ 8} The appellate court, however, concluded that the trial court had erroneously focused on what Jaylin would do to the property to accommodate the village's environmental concerns and the economic impact upon Jaylin if required to build homes on two-acre lots. However, Jaylin had not alleged a taking of its property. Thus, the testimony about the economic feasibility of the proposed plan, without more, did not invalidate the village's environmental concerns or prove beyond fair debate that the two-acre lot minimum, as applied to Jaylin's property, was unconstitutional. The court of appeals concluded that Jaylin failed to meet its burden of proof. The court reversed the judgment of the trial court.

{¶ 9} This cause is before this court upon our acceptance of a discretionary appeal upon reconsideration of our initial denial.

---

1. The zoning ordinance actually requires lots of 87,000 square feet, which is somewhat less than two acres.

2. The lot size was approximately 20,000 square feet, which is a little less than one-half acre.

{¶ 10} Zoning is a valid legislative function of a municipality's police powers. *Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; Section 19, Article I, Ohio Constitution ("Private property shall ever be held inviolate, but subservient to the public welfare"). Courts should not interfere with zoning decisions unless the municipality exercised its power in an arbitrary and unreasonable manner and the decision has no substantial relation to the public health, safety, morals, or general welfare. Id. at 394, 47 S.Ct. 114, 71 L.Ed. 303; *Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp. Bd. of Zoning Appeals* (1988), 38 Ohio St.3d 184, 185, 527 N.E.2d 825; *Willott v. Beachwood* (1964), 175 Ohio St. 557, 560, 26 O.O.2d 249, 197 N.E.2d 201.

{¶ 11} A zoning ordinance may be challenged as unconstitutional on its face or as applied to a particular set of facts. *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph four of the syllabus. In a facial challenge to a zoning ordinance, the challenger alleges that the overall ordinance, on its face, has no rational relationship to a legitimate governmental purpose and it may not constitutionally be applied under any circumstances. *State ex rel. Bray v. Russell* (2000), 89 Ohio St.3d 132, 137, 729 N.E.2d 359. See, also, *State v. Beckley* (1983), 5 Ohio St.3d 4, 7, 5 OBR 66, 448 N.E.2d 1147.

{¶ 12} In an "as applied" challenge to a zoning ordinance, the landowner questions the validity of the ordinance only as it applies to a particular parcel of property. If the ordinance is unconstitutional as applied under those limited circumstances, it nevertheless will continue to be enforced in all other instances. *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14. A landowner may also allege that the ordinance so interferes with the use of the property that, in effect, it constitutes a taking of the property. *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 210, 690 N.E.2d 510. Jaylin does not allege that the village's zoning effects a taking of its property.

{¶ 13} In *Goldberg,* we reaffirmed the standard in *Euclid v. Ambler Realty Co.* as the appropriate test in a constitutional challenge to zoning regulation in Ohio when the landowner does not allege a taking. *Goldberg* at 210, 690 N.E.2d 510. *Goldberg* held that "[a] zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." Id. at syllabus. "The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains 'beyond fair debate.'" Id., 81 Ohio St.3d at 214, 690 N.E.2d 510. See *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018; *Cent. Motors Corp. v. Pepper Pike* (1995), 73 Ohio St.3d 581, 584, 653 N.E.2d 639. The parties do not

dispute these basic legal principles. Nor do they advocate revisiting *Goldberg*, and we see no reason to do so.

{¶ 14} In a constitutional analysis, courts must strive to balance the benefits to the public against the disadvantages to the private interests of the landowner. *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 303, 67 O.O.2d 358, 313 N.E.2d 400. Each case is judged on its own unique facts.

{¶ 15} Jaylin does not assert a facial challenge to the zoning or allege a taking of its property. The essence of Jaylin's case is that the court of appeals should have focused its analysis on Jaylin's proposed use of the property and whether it was unconstitutional for the village to prohibit Jaylin from building on the one-half-acre lots. Jaylin contends that its proposed use meets or exceeds the environmental goals underlying the zoning ordinances; therefore, it was unconstitutional for the city to prohibit Jaylin from building Owl Ridge as proposed.

{¶ 16} The court of appeals, however, narrowly articulated the issue as "whether the village's ordinance is unconstitutional as applied to the particular parcel of property at issue," citing *Goldberg*, 81 Ohio St.3d at 213, 690 N.E.2d 510. In a lengthy footnote, the court clarified that the focal point of the constitutional analysis is the ordinance at issue, not the owner's proposed use of the property. The substance of this footnote is central to Jaylin's appeal:

{¶ 17} "We note parenthetically that the trial court, as well as Jaylin, obfuscates the analysis that must be undertaken when a party seeks declaratory relief as to the constitutionality of an ordinance. R.C. 2721.03 is specific in its directive—it is the constitutionality of the ordinance that is subject to review. Whether the ordinance is constitutional on its face or as applied is the issue. An [*as*] *applied* challenge may include a discussion of the prohibition against proposed use, but it is not the prohibition against proposed use that must be analyzed in terms of whether it is arbitrary, unreasonable, and without substantial relation to the public health, safety, and welfare of the community. It is the ordinance *as applied* to the particular property that must be so analyzed. Consequently, the focus is on the ordinance at issue, not the property owner's proposed use of that property. The trial court in its opinion interchangeably addresses not only the prohibition against proposed use but the ordinance as applied to the property. Because one subsumes the other, we will construe not only Jaylin's arguments, but the court's interpretation, as an applied challenge to the ordinance's constitutionality." (Citations omitted and emphasis sic.) 157 Ohio App.3d 277, 2004-Ohio-2689, 811 N.E.2d 113, ¶ 10, fn. 1.

{¶ 18} Jaylin advocates an inverse analysis, i.e., that if the proposed use meets the government's legitimate goals underlying the zoning, a municipality may not prohibit it. This does not accurately state the issue. In a constitutional analysis, the object of scrutiny is the legislative action. The zoning ordinance is the focal

point of the analysis, not the property owner's proposed use, and the analysis begins with a presumption that the ordinance is constitutional. The analysis focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property. If application of the zoning ordinance prevents an owner from using the property in a particular way, the proposed use is relevant but only as one factor to be considered in analyzing the zoning ordinance's application to the particular property at issue.

{¶ 19} For example, in *Goldberg Cos., Inc. v. Richmond Hts.*, the city refused to issue a variance to permit the property owner to build 372 parking spaces adjacent to its retail space instead of the 554 spaces required by the city's zoning code. Goldberg challenged the constitutionality of the ordinance that regulated parking spaces as applied to its property. We stated that in such a case, the "court's only inquiry need be whether the ordinance was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare'" as applied to the owner's property. Id., 81 Ohio St.3d at 213, 690 N.E.2d 510, quoting *Euclid v. Ambler Realty Co.*, 272 U.S. at 395, 47 S.Ct. 114, 71 L.Ed. 303.

{¶ 20} In *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 67 O.O.2d 38, 309 N.E.2d 900, Mobil's proposal to build a gas station at a particular location was prohibited because the property in question was zoned for single-family residential use. We held that the issue should be "whether the ordinance, in proscribing a landowner's proposed use of his land, has any reasonable relationship to the legitimate exercise of police power by the municipality." Id. at syllabus. The challenge must focus on the constitutionality of the ordinance as applied to prohibit the proposed use, not the reasonableness of the proposed use.

{¶ 21} If we were to modify this rule as Jaylin advocates, we would effectively eliminate the initial presumption that the zoning is constitutional. Opposing parties would merely argue over who presents the better use of the property. "The power of a municipality to * * * determine land-use policy is a legislative function which will not be interfered with by the courts, unless such power is exercised in such an arbitrary, confiscatory or unreasonable manner as to be in violation of constitutional guaranties." *Willott v. Beachwood*, 175 Ohio St. 557, 26 O.O.2d 249, 197 N.E.2d 201, paragraph three of the syllabus. "Municipal governing bodies are better qualified, because of their knowledge of the situation, to act upon these matters than are the courts." Id. at 560, 26 O.O.2d 249, 197 N.E.2d 201.

{¶ 22} The appellate court correctly stated the law and applied it to the facts. We agree with the appellate court that, applying the *Goldberg* test, Jaylin failed

to meet its burden of proof that the village's zoning ordinance was unconstitutional as applied, prohibiting Jaylin from building homes on one-half acre lots.

{¶ 23} Jaylin concedes that the village may enact ordinances to establish minimum residential lot sizes and that municipalities have a legitimate interest in protecting the environment. Jaylin presented testimony that the proposed subdivision would include unique features that meet or exceed the village's environmental goals concerning density, erosion, sediment control, and other factors. These features include a sewer system, storm-water management, and protection against hillside erosion. But whether "proposed zoning might 'better' advance the stated governmental interest does not address the issue of whether [the] zoning ordinance [at issue] advances a legitimate government interest." *Cent. Motors Corp. v. Pepper Pike*, 73 Ohio St.3d at 586, 653 N.E.2d 639.

{¶ 24} Jaylin's owner testified that he had originally considered a plan to build homes on two-acre lots, but determined that it would not be marketable or economically feasible. An expert witness for Jaylin testified that building homes on two-acre lots would be inharmonious with the older homes on lots half that size or smaller on Berkeley Avenue and Ellendale Road. He testified that new homes on such large lots would be difficult to market surrounded by houses that are older, much less expensive, and built on smaller lots. With two-acre lots, the Owl Ridge homes would be impractical from a financial and marketing aspect. He agreed that the subdivision could and should be developed with two-acre lots were it not separated by a large, steep ravine from the upscale Quail Hollow subdivision, where homes meet or exceed the two-acre minimum lot size.

{¶ 25} In an appeal from a denial of a zoning variance, we held that "[e]vidence that the removal of a zoning restriction would result in an increase in the value of the affected land is relevant * * *, but as a general rule such evidence does not, of itself, render the board's denial unreasonable, arbitrary, capricious or unconstitutional." *C. Miller Chevrolet*, 38 Ohio St.2d at 302–303, 67 O.O.2d 358, 313 N.E.2d 400. This principle equally applies in an action for declaratory judgment that challenges the constitutionality of a zoning ordinance, as applied.

{¶ 26} Therefore, we agree with the appellate court that Jaylin failed to demonstrate, beyond fair debate, that the two-acre-minimum zoning ordinance was arbitrary and unreasonable or substantially unrelated to the public health, safety, morals, or general welfare of the community, as applied to prohibit Jaylin's proposed use. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER and O'DONNELL, JJ., dissent.

O'Donnell, J., dissenting.

{¶ 27} My approach to this case recognizes that a trial court hearing a case without a jury serves as the fact-finder and inter alia assesses the credibility of the witnesses who testify in the proceeding. It is the duty of the court to decide all disputed questions of fact and to assign such weight to the testimony of the various witnesses as the court, in its sole discretion, determines that testimony is entitled to receive. Further, the trial court may believe all, part, or none of the testimony of any of the witnesses. Here, the trial court did as required.

{¶ 28} In its written opinion, the trial court found the testimony of Jaylin's witnesses to be credible and persuasive, and it also found the testimony of the Village's witnesses unsupported by the evidence and not credible.

{¶ 29} In this instance, it is noteworthy that the trial court not only made specific findings, but also cited portions of the testimony in support of its conclusions. Despite this careful attention to detail, the appellate court challenged the trial court's findings and, in my view, substituted its judgment for that of the trial court.

{¶ 30} In its opinion, the appellate court stated, "[I]n the absence of testimony to the contrary, the balance of DeYoung's testimony need not be discounted merely because her conclusions regarding any potential violation of the Village's hillside ordinance were based on a faulty premise." 157 Ohio App.3d 277, 2004-Ohio-2689, 811 N.E.2d 113, ¶ 19. The appellate court also considered Jaylin's witnesses—in particular, Terrence Gerson, stating that he "merely testified that the impact on the Chagrin River Basin would be 'very small.' Without more, it cannot be said that Jaylin proved beyond fair debate that the village's environmental concerns were not valid or the ordinance was otherwise unconstitutional." Id. The appellate court then, in series, reviewed Jaylin's economic-impact testimony, that of Jaylin's owner, and the appraisal testimony of Roger Ritley. The appellate court concluded that Jaylin's testimony "regarding economic feasibility, however, does not invalidate the village's environmental concerns or otherwise prove beyond fair debate that the village's two-acre lot requirement bears no substantial relationship to the public health, safety, or welfare of the community." Id. at ¶ 25.

{¶ 31} The law of appellate review in Ohio leaves no doubt that a reviewing court "must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court." *Myers v. Garson* (1993), 66 Ohio St.3d 610, 616, 614 N.E.2d 742. Here, the appellate court invaded the province of the trial court with regard to the expert witnesses who testified before the trial

court and superseded the trial court findings regarding the experts who testified for Moreland Hills.

{¶ 32} While this court had settled the law in *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 690 N.E.2d 510, today's majority decision, for all practical purposes, renders trials on proposed developments meaningless. Consider the impact of today's decision as an affirmation of the appellate court's view of the law: i.e., to consider only whether the ordinance in question satisfies the government's concern for the environment, not whether the proposed development can meet that goal. On these facts, a two-acre, three-acre, four-acre, or even five-acre minimum would meet the government's objective of environmental protection.

{¶ 33} As this court has recently stated, "In an 'as applied' challenge, the party challenging the constitutionality of the statute contends that the 'application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional. The practical effect of holding a statute unconstitutional "as applied" is to prevent its future application in a similar context, but not to render it utterly inoperative.'" *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists* (1992), 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (Scalia, J., dissenting). In considering an as-applied constitutional challenge, such a trial should most certainly involve whether or not a proposed development meets or satisfies legitimate governmental concerns. And where a trial court has determined the credibility of the witnesses, an appellate court should not substitute its judgment on those matters.

{¶ 34} Excising consideration of the developer's proposed development from consideration by the fact finder shifts the focus of a trial to a determination only of whether the local government zoning meets its objective and thereby effectively omits any meaningful consideration of how or whether a proposed plan also meets those objectives. It therefore renders trials all but meaningless. Accordingly, I dissent.

PFEIFER, J., concurs in the foregoing opinion.

---

Berns, Ockner & Greenberger, L.L.C., Sheldon Berns, and Benjamin J. Ockner, for appellant.

Leonard A. Spremulli and Santo T. Incorvaia, for appellee.

Byron & Byron Co., L.P.A., Barry M. Byron, and Stephen L. Byron, urging affirmance for amici curiae Ohio Municipal League and Cuyahoga County Law Directors Association.

Frost Brown Todd, L.L.C., Scott D. Phillips, and Matthew C. Blickensderfer, urging affirmance for amicus curiae village of Indian Hill.

David M. Benjamin, Solon City Law Director, urging affirmance for amicus curiae city of Solon, Ohio.

Walter & Haverfield, L.L.P., R. Todd Hunt, and Frederick W. Whatley, urging affirmance for amici curiae Chagrin River Watershed Partners, Inc. and Cuyahoga Soil and Water Conservation District.

McDonald Hopkins Co., L.P.A., Michael W. Wise, and Richard W. Cline, Shumaker, Loop & Kendrick, L.L.P., and Louis E. Tosi, Aronoff, Rosen & Hunt, Stanley J. Aronoff, and Richard A. Paolo, Keating, Muething & Klekamp, P.L.L., Joseph L. Trauth Jr., and Thomas M. Tepe Jr., urging reversal for amici curiae Associated Estates Realty Corporation, First Interstate Properties, Ltd., Forest City Enterprises, Inc., Goldberg Companies, Inc., Home Builders Association of Greater Cincinnati, Home Builders Association of Greater Cleveland, Home Builders Association of Greater Toledo, Ohio Home Builders Association, Inc., and Visconsi Companies, Ltd.