DECISION AND JUDGMENT
{¶ 1} This appeal is from the March 24, 2008 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, city of Toledo, and found that the city's denial of a zoning change did not violate appellant's rights under the United States Constitution. Upon consideration of the assignments of error, we *Page 2 
affirm the decision of the lower court. Appellant, Richard Ross, asserts the following assignments of error on appeal:
 {¶ 2} "ASSIGNMENT OF ERROR NO. 1.
 {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT APPELLANT FAILED TO DEMONSTRATE THAT T.M.C. SEC. 1111.0606 AND THE CITY OF TOLEDO 20/20 COMPREHENSIVE PLAN WERE UNCONSTITUTIONAL AS APPLIED TO APPELLANT WITH RESPECT TO THE APPELLANT'S REQUEST FOR A ZONING CHANGE.
 {¶ 4} "ASSIGNMENT OF ERROR NO. 2.
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT APPELLANT FAILED TO DEMONSTRATE THAT APPELLEE'S DENIAL OF APPELLANT'S REQUREST FOR A ZONING CHANGE WAS ARBITRARY, UNREASONABLE, AND NOT SUBSTANTIALLY RELATED TO THE PUBLIC HEALTH, SAFETY, AND WELFARE."
 {¶ 6} Appellant, Richard Ross, filed a complaint on February 10, 2006, against the city of Toledo and Toledo City Council. Appellant sought declaratory judgment pursuant to R.C. 2721.03 that appellees' denial of appellant's request to change the zoning designation for his property located at 3541 Dorr Street from RS-9 (single dwelling residential) to RM-36 (multi-dwelling residential, 36 units per acre) was unconstitutional, illegal, arbitrary, capricious, discriminatory, unreasonable and/or unsupported by the preponderance of substantial, reliable, and probative evidence. Appellant asserted that *Page 3 
Toledo Municipal Code 1111.0606 (which sets forth the factors all decision-making bodies must consider on proposed zoning map amendments) and the City of Toledo 20/20 Comprehensive Plan were unconstitutional as applied to his property and that the denial of his application to change the zoning designation was arbitrary, unreasonable, and not rationally related to the public health, safety, and welfare.
 {¶ 7} Appellees sought to dismiss the action on the grounds that appellant had not exhausted his administrative appeals. The trial court concluded, however, that this case involved a legislative, not administrative, decision by Toledo City Council and, therefore, appellant could seek declaratory relief to assert a constitutional challenge. Both parties then moved for summary judgment.
 {¶ 8} The following undisputed facts were considered by the trial court. Appellant was under contract to purchase the property at issue when he initially filed an application in October 2005, to change the zoning designation for the property (and later purchased the property prior to filing this action). Appellant owns an adjacent apartment property and planned to develop this new parcel as an extension of the existing development. The property is located near the intersection of Dorr Street and Byrne Road. It is currently a vacant lot zoned RS-9, single dwelling residential. From 2004 until destroyed by a fire in September 2005, there had been a special use permit to use an existing structure on the property as a fraternity house. To the east, north, and south of this parcel there is commercial development and multi-family developments, including apartments, commercial businesses, a nursing home, and two nightclubs. One of the *Page 4 
night clubs is located directly across the street from the entrance to the property at issue. To the west are undeveloped residential properties, a creek, and single-family residential properties.
 {¶ 9} While development of this property is consistent with the Toledo 20/20 Comprehensive Zoning Plan, the Toledo Plan Commission Staff, the Toledo City Plan Commission, and the Toledo City Council determined that it would be detrimental to the residential areas to the west of this property to rezone this property. It was believed that allowing for development of this property for multiple-family housing would in turn lead to rezoning and commercialization of successive properties to the west. The Planning and Zoning Commission of the Toledo City Council did not make any recommendation regarding the application.
 {¶ 10} Appellant filed the instant declaratory judgment action in February 2006. During mediation proceedings, suggestions were made that appellant file another application with a lower density zoning classification. Therefore, in July 2007, appellant filed a subsequent application to rezone the property seeking RM-12 classification. Again, the Toledo Plan Commission Staff recommended disapproval of the application. The Toledo City Council Zoning and Planning Committee forwarded the application without a recommendation, and the Toledo City Council unanimously rejected the zoning change. Again, the reason for denying the application was the same.
 {¶ 11} The Commission Staff reports did not discuss any issue regarding the adequacy of access to public safety, transportation, or utility services with regard to either *Page 5 
application. However, at the Toledo City Plan Commission public hearings in 2005, neighboring landowners raised the issue of the availability of utilities and services. It was noted at that hearing that such an issue is not included in the staff analysis when the issue is rezoning rather than review of a site plan. It was also noted by appellant's counsel in the Zoning and Planning Committee transcript of a hearing held on December 7, 2005, that the issue of services was raised, but not by the Plan Commission, and it was not a reason why the recommendation was made to disapprove the application. However, in a written recommendation regarding the 2005 application, the Plan Commission stated that the lack of sufficient utility facilities and services was an additional reason for recommending that the application be denied. Appellant asserts that he was never able to address this issue at the public hearings.
 {¶ 12} The trial court granted summary judgment in favor of appellees finding that the ordinance as applied to appellant did not violate the United States Constitution. The court determined that appellant had failed to demonstrate that appellees' refusal to rezone the property at issue was clearly arbitrary, unreasonable, and without substantial relation to the public health, safety, morals, or general welfare of the community. The court concluded that the negative impact of the zoning change upon the neighboring community and the lack of adequate facilities and services were legitimate legislative concerns. Appellant then sought an appeal to this court.
 {¶ 13} The appellate court reviews the grant of summary judgment under a de novo standard of review. Advanced Analytics Labs., Inc. v. Kegler,Brown, Hill Ritter, *Page 6 148 Ohio App.3d 440, 2002-Ohio-3328, ¶ 33, and Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Applying the requirements of Civ. R. 56(C), we uphold summary judgment when it is clear "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66-67.
 {¶ 14} Appellant presents two assignments of error on appeal that present a single issue for appeal. He argues that the zoning ordinances at issue (Toledo's Comprehensive Plan and Toledo Municipal Code 1111.0606) are unconstitutional as applied because the denial of his request for a zoning change was arbitrary and unreasonable.
 {¶ 15} Because zoning is a legislative function, the judicial branch should not interfere with zoning decisions unless the legislative body exercised its police power in "* * * an arbitrary and unreasonable manner and the decision has no substantial relation to the public health, safety, morals, or general welfare." Euclid v. Ambler RealtyCo. (1926), 272 U.S. 365, 394, Jaylin Investments, Inc. v. MorelandHills, 107 Ohio St.3d 339, 2006-Ohio-4, ¶ 13, reconsideration denied (2006), 108 Ohio St.3d 1490. Appellant bears the burden of establishing that the application of the zoning ordinance to his property was unconstitutional beyond fair debate, the equivalent of beyond a reasonable *Page 7 
doubt. Jaylin, supra, and Goldberg Cos., Inc. v. Richmond Hts. CityCouncil (1998), 81 Ohio St.3d 207, 209, 1998-Ohio-207, reconsideration denied (1998), 81 Ohio St.3d 1517.
 {¶ 16} It has long been accepted that a legislative body's comprehensive plan for orderly development of an area is a legitimate goal. Interstate Indep. Corp. v. Fayette Cty. Bd. of Zoning Appeals
(1997), 123 Ohio App.3d 511, 520, citing Miller Chevrolet, Inc. v.Willoughby Hills (1974), 38 Ohio St.2d 298, 303. The existence of a comprehensive plan can be considered by the court when determining the legislative rationale behind a zoning regulation. Arendas v. CoitsvilleTwp. Bd. of Trustees, 7th Dist. No. 07-MA-129, 2008-Ohio-6599, at ¶ 38. Likewise, the failure to make decisions consistent with the comprehensive plan may indicate that a particular decision denying a change of zoning or variance was arbitrary and capricious.McDonald's Corp. v. Village of Woodmere (Aug. 29, 1991), 8th Dist. No. 59567.
 {¶ 17} In this case, Toledo's 20/20 Comprehensive Plan sets forth the future plan of development for the city and recommends specifically that the property in the area of appellant's property along Dorr Street will be developed as a "Neighborhood Commercial District." That designation was described as "predominately small and medium scale commercial uses that serve neighborhoods. Small and medium scale office and multiple family residential uses may be included."
 {¶ 18} Pursuant to Toledo Municipal Code 1101.0400 and 1101.0500, the city's Zoning Code is intended to implement and be consistent with Toledo's Comprehensive *Page 8 
Plan. Furthermore, Toledo Municipal Code 1111.0606 sets forth the following criteria the legislative bodies must consider when making decisions on proposed zoning changes:
 {¶ 19} "A. consistency of the proposed rezoning with the Comprehensive Plan and the stated purposes of this Zoning Code * * *;
 {¶ 20} "B. existing land uses within the general vicinity of the subject property;
 {¶ 21} "C. the zoning classifications of properties within the general vicinity of the subject property;
 {¶ 22} "D. the physical suitability of the subject property for the uses permitted under the existing and proposed zoning classifications;
 {¶ 23} "E. the extent to which rezoning will positively or detrimentally affect properties within the vicinity of the subject property;
 {¶ 24} "F. whether the proposed amendment corrects an error or inconsistency in the Zoning Code or meets the challenge of a changing condition;
 {¶ 25} "G. whether the City and other service providers will be able to provide sufficient public safety, transportation, and utility facilities and services to the subject property, while maintaining sufficient levels of service to the existing development;
 {¶ 26} "H. whether the proposed rezoning will have significant adverse impacts on the natural environment, including air, water, noise, storm water management, wildlife and vegetation."
 {¶ 27} Appellant argues that these ordinances reflect the fact that the city contemplated changes to the zoning regulations over time and created a procedure for *Page 9 
addressing such changes. Appellant contends that the city's refusal to change his zoning designation was in direct conflict with its expressed zoning objectives and therefore was not done for a legitimate governmental purpose. He argues that the city failed to implement Toledo's Comprehensive Plan, which has remained the same since 2005, despite the repeated recommendation of the Plan Commission Staff that the Comprehensive Plan be reviewed.
 {¶ 28} Upon a review of Toledo's Comprehensive Plan and Toledo Municipal Code 1101.0400, 1101.0500 and 1111.0606, we find that the denial of appellant's application for a zoning change was not an unconstitutional application of these ordinances. The Comprehensive Plan left the future decision of what type of commercial development shall occur along this area of Dorr Street to the discretion of the Toledo Plan Commission Staff, the Toledo City Plan Commission, and the Toledo City Council. The clear intent of the Comprehensive Plan was to limit commercial development along Dorr Street to the types of businesses that would be of service to and enhance the residential neighborhood. The Comprehensive Plan states only that multiple-family residential uses "may" be permitted. It did not create a right in the landowner to develop his property as contemplated by the Plan.
 {¶ 29} The Toledo City Council did not find that a multiple family residential development would achieve the city's goals in light of the development that has already occurred in the area. The rationale to leave a buffer zone between the existing commercial areas and the residential areas to preserve and protect the character of the *Page 10 
area is a reasonable exercise of legitimate legislative police power.Central Motors Corp. v. City of Pepper Pike (1995), 73 Ohio St.3d 581,585. Therefore, we find that the city's decision to deny appellant's request for a zoning change to develop the land as a multiple-family residence was not arbitrary and unreasonable and substantially relates to the public health, safety, morals, or general welfare of the community.
 {¶ 30} Appellant also alleges additional error that straddles the line between alleged violations of procedural due process and substantive due process. He argues that the city failed to comply with Toledo Municipal Code 1111.0606 and make the specific findings required by that ordinance before determining whether to grant or deny his request for a zoning change. This argument relates to the denial of procedural due process and cannot be addressed in a declaratory judgment action.
 {¶ 31} However, he also argues that the alleged fact that all of these factors weigh in his favor demonstrates that the decision of the city was arbitrary and unreasonable, which is a substantive due process issue. We disagree, however, with appellant's conclusion. While Toledo Municipal Code 1111.0606 requires the city to consider the factors enumerated, it does not limit the discretion of the city. The city is not required to make its zoning determinations based only on these factors. Even if we presume that all of the factors weighed in appellant's favor, the city could still base its decision on other legitimate factors related to the city's police powers. Therefore, there is nothing inherently unconstitutional in the application of this ordinance to appellant's land. *Page 11 
Whether or not the city complied with the ordinance and made accurate determinations of each factor cannot be addressed in a declaratory judgment action.
 {¶ 32} Appellant's first and second assignments of error are not well-taken.
 {¶ 33} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., and William J. Skow, P.J., concur. *Page 1