[Cite as *State ex rel. Perrine v. Alborn*, 2012-Ohio-3051.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL. SHARON PERRINE, ZONING INSPECTOR, PIKE TOWNSHIP, STARK COUNTY, OHIO, ET. AL. | JUDGES: Hon. Patricia A. Delaney, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees | Case No. 2011CA00263 |
| -vs- | |
| EDWARD CHARLES ALBORN, ET AL. | O P I N I O N |
| Defendants-Appellants | |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2009CV01110

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 29, 2012

APPEARANCES:

For Plaintiffs-Appellees

CHARLES D. HALL III
Hall Law Firm
610 Market Ave. North
Canton, Ohio 44702

For Defendants-Appellants

ROBERT H. CYPERSKI
1201 30th St. N.W., Suite 102-B
Canton, Ohio 44709

*Hoffman, J.*

{¶1} Defendants-appellants Edward Alborn and Edna Elliot appeal the November 3, 2011 Judgment Entry entered by the Stark County Court of Common Pleas in favor of the State of Ohio ex rel. Sharon Perrine, Zoning Inspector, Pike Township, Stark County, Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Edna Elliott owns real property located at 2090 Riceford Road S.W., Pike Township, Stark County, Ohio, consisting of 42.48 acres. The property is zoned R-1, one and two family residential, under the Pike Township zoning regulations. Appellant Edward Alborn resides on the property. In the past, Appellant Alborn operated a number of businesses on the property, and claims he remains self-employed at seventy-eight years of age. Alborn operated businesses of stripping coal, clay and shale, trucking and performing fabrication and mechanical work. He continues to perform some fabrication and mechanical repairs and some livestock farming to supplement his Social Security income. He has not had an Ohio Vendor's License, has not held a business checking account, has not filed any Ohio or Federal Income Tax returns, has not issued any 1099's to suppliers or independent contractors, has not issued any W-2's to any employee, and has not held a Commercial Driver's License for more than four years. Appellants have never lawfully operated a junk yard or salvage yard from the property.

{¶3} Appellee State of Ohio, ex rel. Sharon Perrine, Zoning Inspector, Pike Township, Stark County filed a complaint against Appellants on March 19, 2009 asserting Appellants had discontinued their nonconforming use and were in violation of

the zoning laws of Pike Township.  Appellee filed a motion for summary judgment, which the trial court denied.

{¶4}   On September 13, 2010, the matter proceeded to a non-jury trial.  On April 27, 2011, the Magistrate issued a decision finding Appellants were in violation of the Pike Township Zoning Regulations, and ordered Appellant remove all items not compatible with an agricultural or residential use within thirty days.  Appellants filed objections to the Magistrate's decision.

{¶5}   Via Judgment Entry of November 3, 2011, the trial court issued an order modifying and adopting the Magistrate's decision.

{¶6}   Appellants now appeal, assigning as error:

{¶7}   "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE APPELLANTS ARE IN VIOLATION OF THE PIKE TOWNSHIP ZONING RESOLUTIONS, AS THIS DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8}   "II. THE TRIAL COURT COMMITTED AN ERROR IN DETERMINING THAT MANY OF THE ITEMS ON THE PROPERTY COULD NOT BE USED FOR AGRICULTURAL OR RESIDENTIAL USE AND THEREFORE ARE JUNK VEHICLES AND MUST BE REMOVED FROM THE PROPERTY.

{¶9}   "III. THE TRIAL COURT COMMITTED AN ERROR IN FAILING TO DETERMINE THAT ENFORCING ZONING REGULATIONS OF PIKE TOWNSHIP WILL SO INTEREFERE [SIC] WITH THE USE OF THE PROPERY [SIC] AS TO CONSTITUTE A TAKING OF THE PROPERTY."

I., II, and III.

**{¶10}** Appellants' assigned errors raise common and interrelated arguments; therefore, we will address the assignments of error together.

**{¶11}** Upon review of an administrative appeal, a court of common pleas considers whether the enforcement of a zoning resolution is supported by a "preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. An appellate court's review of the trial court's judgment is limited to affirming the decision of the trial court unless the appellate court finds, as a matter of law, the trial court's decision is not supported by a preponderance of reliable, probative and substantial evidence. Id. Further, the appellate court is limited to reviewing the judgment of the trial court strictly on questions of law. Id.

**{¶12}** O.R.C. 519.02(A) governs non-conforming uses, providing:

**{¶13}** "The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with such resolution or amendment, but if any such nonconforming use is voluntarily discontinued for two years or more, any future use of said land shall be in conformity with sections 519.02 to 519.25, inclusive, of the Revised Code. The board of township trustees shall provide in any zoning resolution for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning resolution"

**{¶14}** The Pike Township Zoning Resolution complies with the requirements and provides, "[w]henever a nonconforming use has been discontinued for a period of two

years or more, any further use shall be in conformity with the provisions of this Resolution." Pike Township Resolution, SECTION TEN, TITLE II(F).

{¶15} Here, Appellant Alborn testified at trial it has been more than two years since he engaged in any strip mining of clay, shale or other materials from the property. Further, the equipment at issue has been sitting idle, in the same position, in the open, for two years. He testified at trial he has not engaged in sandblasting or painting railroad stock for at least three years. He has not run a stone crushing operation for at least four years. The truck driving business has been discontinued for over two years, and two of the three semi-tractors have been sitting on the property unlicensed for several years, unmoved. In addition, the evidence and testimony introduced at trial support the trial court's finding numerous items and vehicles on the property are damaged and inoperable. Based upon the above, we find the trial court's decision was supported by a preponderance of substantial reliable, and probative evidence.

{¶16} Appellant argues the ordinance so interferes with the use of his property it, in effect, constitutes a taking. *Jaylin Investments, Inc. v. Moreland Hills* (2006), 107 Ohio St.3d 339. However, the application of a general zoning regulation to a particular property is not a taking if it does not deny an owner all economically viable use of his land, does not render the land valueless, or does not force only uses which, under the circumstances, are highly improbable, practically impossible, or not economically feasible. Id. The landowner bears the burden to prove there is no economically viable use of his land. *Valley Auto Leases of Chagrin Falls, Inc v. Auburn Twp. Bd. Of Zoning Appeals* (1988), 36 Ohio St.3d 184. A mere deprivation of some economic rights does

not amount to a denial of all use of one's property, including the rights of possession and use of the property. *McKee v. Akron* (1964), 176 Ohio St. 282.

{¶17} Here, Appellants have not demonstrated he has been deprived of any economic right as a result of the zoning enforcement. Rather, the evidence introduced at trial demonstrates Appellant Alborn has not had a business checking account for several years, and has not operated a profitable business on the property for several years prior to the action taken herein. Furthermore, Appellants have not shown the zoning regulation denies them all economically viable use of the land. Accordingly, we find Appellants have not met the necessary burden to demonstrate a taking.

{¶18} Appellants' assignments of error are overruled, and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO, EX REL.
SHARON PERRINE, ZONING
INSPECTOR, PIKE TOWNSHIP,
STARK COUNTY, OHIO, ET. AL.                    :
                                               :
    Plaintiffs-Appellees                       :
                                               :
-vs-                                           :                JUDGMENT ENTRY
                                               :
EDWARD CHARLES ALBORN, ET AL.                  :
                                               :
    Defendants-Appellants                      :                Case No. 2011CA00263


    For the reasons stated in our accompanying Opinion, and the judgment of the

Stark County Court of Common Pleas is affirmed.  Costs to Appellants.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER