[Cite as *Abdelqader Holdings, L.L.C. v. Akron Bd. of Zoning Appeals*, 2020-Ohio-1195.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ABDELQADER HOLDINGS, LLC

    Appellant

v.

AKRON BOARD OF ZONING APPEALS

    Appellee

C.A. No.      29342

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-08-3307

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

TEODOSIO, Presiding Judge.

{¶1}   Abdelqader Holdings, LLC, appeals the judgment of the Summit County Court of Common Pleas affirming the decision of the Akron Board of Zoning Appeals.  We affirm.

I.

{¶2}   In May 2018, Abdelqader Holdings, LLC, ("Abdelqader") was issued an Order to Comply for violating Section 153.280(G) of the Akron Code by operating a tire sales business at 1428 Copley Road, Akron, Ohio.  The 12,902 square foot parcel sits within two different zoning districts.  The eastern portion of the property, which is slightly more than half, is within a Class U3 retail business district, while the western portion of the property is within a Class U4 commercial district.  The structure from which Abdelqader operates its business is predominantly situated on the eastern portion of the property.  Tire sales are recognized as a "commercial use" under Section 153.285 of the Akron Code and qualify as a restricted use violation within a Class U3 (Retail Business) District.

{¶3}     Abdelqader appealed the Order to Comply to the Akron Board of Zoning Appeals ("the Board"), which heard and denied the appeal.  Abdelqader subsequently appealed to the Summit County Court of Common Pleas, which affirmed the Board's decision.  Abdelqader now appeals to this Court, raising two assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION BECAUSE ITS DECISION IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.

{¶4}     In its first assignment of error Abdelqader argues that the trial court abused its discretion because its decision was not supported by a preponderance of reliable, probative, and substantial evidence.  We disagree.

{¶5}     Under R.C. 2506.04, a trial court considering an administrative appeal reviews the order at issue to determine whether it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."  The scope of this Court's review of the trial court decision, however, is "narrower and more deferential": "[T]he standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance.  It permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law."  *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, ¶ 25, 30. When reviewing a trial court's decision in an administrative appeal, this Court must determine whether, as a matter of law, the trial court's decision is unsupported by a preponderance of reliable, probative, and substantial

evidence. *Independence v. Office of Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 14, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984).

{¶6} In its order affirming the decision of the Board, the trial court made the following findings as to the facts:

> The Property is split between two zoning classifications. The eastern portion of the Property, slightly more than half, is zoned U3 for retail use. The western portion of the Property, slightly less than half, is zoned U4 for commercial use. There is a building on the Property, which sits primarily on the eastern portion zoned U3. Retail use is permitted in U4 zoning; however, commercial use in not permitted in U3 zoning. Selling tires is considered commercial use. Abdelqader does not dispute that it has been selling tires from the eastern portion of the Property.

The trial court went on to determine:

> The Board did not apply U3 retail zoning to the entire parcel; rather, it found that Abdelqader was selling tires on the portion of the Property zoned U3 retail. There is no ambiguity as to the zoning of the property. The eastern portion is zoned U3 retail, and the western portion is zoned U4 commercial.

{¶7} Abdelqader contends the trial court "fail[ed] to consider, as a practical matter, the effect of such enforcement * * * [and that it] belie[d] reality to suggest that tire sales on the western half of the Property, a permissible use since it is zoned U4 commercial, would have a different impact, if any, on the surrounding properties than sales on the eastern portion." Abdelqader goes on to list evidence that it believes the trial court failed to consider: the Summit County Fiscal website lists the property as U4 commercial zoning; no opponents appeared at the Board hearing to speak against Abdelqader's appeal; there were no complaints by the public in response to the city's mailers; the matter came to the attention of the city by way of a competitor; the councilman who received the complaint was absent from the hearing; and the City could only speak to a supposed unnamed neighbor with unspecified concerns.

{¶8} Abdelqader fails to indicate the relevance of any of this evidence in the determination that the selling of tires was a commercial use that was not permitted on land zoned

U3 for retail use. Moreover, the trial court's determination is supported by a preponderance of reliable, probative, and substantial evidence; such evidence consisting of facts not in dispute, as described above.

{¶9} Finally, we find no merit to Abdelqader's argument that "enforcing the more restrictive U3 retail zoning classification on a single use parcel of property * * * is inherently ambiguous." (Emphasis sic.) Abdelqader may disagree with the usefulness of such enforcement, but it fails to persuade us of its ambiguity, and we cannot conclude that such enforcement is in any way ambiguous.

{¶10} Abdelqader's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL [COURT] ERRED AS A MATTER OF LAW BY FAILING TO FIND THAT ENFORCEMENT OF THE CITY'S SPLIT-ZONING CLASSIFICATION SCHEME TO A SINGLE PARCEL OF PROPERTY IS UNCONSTITUTIONAL AS APPLIED.

{¶11} In its second assignment of error, Abdelqader argues the trial court erred by failing to find that enforcement of the city's split-zoning classification to a single parcel of property was unconstitutional as applied. We disagree

{¶12} "Zoning is a valid legislative function of a municipality's police powers." *Jaylin Invests., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006–Ohio–4, ¶ 10. "A zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." *Goldberg Cos., Inc. v. Richmond Hts. City Council*, 81 Ohio St.3d 207 (1998), syllabus. "The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains 'beyond fair debate.'" *Id.* at 214. "[T]here is little difference

between the 'beyond fair debate' standard and the 'beyond a reasonable doubt' standard." *Cent. Motors Corp. v. Pepper Pike*, 73 Ohio St.3d 581, 584 (1995).

{¶13} Abdelqader first argues that the trial court applied the incorrect standard of review. In its analysis of Abdelqader's unconstitutionality argument, the trial court set forth the following standard:

> "Zoning ordinances are presumed constitutional." *Goldberg Cos. V. Council of Richmond Heights*, 81 Ohio St.3d 207, 209, 1988-Ohio-456. "The party challenging the constitutionality of a zoning ordinance bears the burden of proof and must prove unconstitutionality beyond fair debate." *Id.* "To strike a zoning ordinance on constitutional grounds [a party] must demonstrate, beyond fair debate, that the zoning classification is unreasonable and not necessary to the health, safety and welfare of the municipality." [*Karches v. City of Cincinnati*, 38 Ohio St. 3d 12, 19.]

{¶14} This is an accurate recitation of the law. Although Abdelqader is correct in noting that earlier in its judgment entry, the trial court stated a standard of review indicating deference to the administrative agency's resolution of evidentiary conflicts, the trial court also acknowledged that the Board did not consider the constitutional claim, nor did it have authority to render a decision on such a claim. *See Reading v. Pub. Util. Comm.*, 109 Ohio St.3d 193, 2006-Ohio-2181, ¶ 15. Consequently, there was no deference to be given; Abdelqader fails to identify any actual improper application of deference, and this Court likewise finds no improper application. Moreover, the trial court's ultimate determination is based upon Abdelqader's failure to meet its burden, and not upon any evidentiary conflict.

{¶15} With regard to evidence, Abdelqader further argues that the trial court erred by striking its exhibits, attached to its brief to the trial court, containing additional evidence. The trial court correctly noted that in hearing the administrative appeal, "the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of [several specific exceptions] applies *

* *." The trial court also noted the requirements of Loc.R. 19.04 of the Court of Common Pleas of Summit County, General Division:

> In all appeals where the submission of additional evidence is required or permitted by law, a motion to supplement the record shall be filed within fourteen (14) days after the filing of the record of proceedings, supported by affidavit requesting the submission of additional evidence and specifying the nature and type of additional evidence to be submitted and the reasons therefor.

{¶16} In striking the exhibits, the trial court found that Abdelqader had failed to properly move to supplement the record with exhibits six through fifteen, and that it did not offer an affidavit or otherwise argue the requirements of R.C. 2506.03. Abdelqader had failed to show any error with regard to this ruling.

{¶17} Abdelqader next argues that the zoning division is arbitrary and unreasonable because it splits a 12,902 square foot parcel of land into two nearly equal zones. Abdelqader argues that as a consequence, even though nearly half of the property is zoned for commercial use, it cannot operate its automotive tire sales business because most of the structure from which it operates is located on the portion of the property zoned for retail use, and that the restriction is a "de facto rezoning of the Property as U3 retail in its entirety."

{¶18} In making its constitutionality argument, Abdelqader relies upon *Nectow v. City of Cambridge*, 277 U.S. 183 (1928). In *Nectow*, the appellant was the owner of a tract of land when a zoning ordinance was enacted by the City of Cambridge, Massachusetts. *Id.* at 186. Appellant's land was placed into a zoning district that "permitted only dwellings, hotels, clubs, churches, schools, philanthropic institutions, greenhouses and gardening, with customary incidental accessories." *Id.* at 185. Appellant argued that the application of the ordinance "deprived him of his property without due process of law in contravention of the Fourteenth Amendment." *Id.* In

reversing judgment, the Supreme Court determined there was an insufficient basis for the restriction on the appellant's land. *Id.* at 188.

{¶19} Unlike *Nectow*, however, there is no evidence or indication that Abdelqader was the owner of, or held any interest in, the parcel in question at the time the zoning was enacted. Likewise, there was no indication that zoning was enacted after Abdelqader started using the property for the sale of automotive tires, which contravenes its argument that the restriction acted as a "de facto rezoning." We note, however, these are distinguishing factors, and not dispositive.

{¶20} The trial court found as follows:

[T]he record contains little information as to the health, safety, and welfare of the municipality. The parcel to the immediate north of the Property is zoned residential, the parcel to the immediate east is zoned U3 retail and used as a convenience store, the parcel to the immediate west is zoned U4 commercial but used as retail, and the property to the immediate south is zoned U4 commercial but used as retail. U3 retail is permitted within U4 commercial zoning; therefore, it is undisputed that Abdelqader is permitted to use the entire Property for retail use.

The [c]ourt finds that Abdelqader has failed to meet its burden to establish that the Board's decision is unconstitutional. Notably, the Board's decision does not indicate that Abdelqader cannot use the western portion of the Property for commercial use; rather the evidence indicates that Abdelqader is using the eastern portion of the Property, zoned U3 retail, for commercial use. The Court finds that preventing a commercial use on this portion of the Property is not unreasonable or arbitrary, given that the Property abuts residential and retail use.

{¶21} As noted by the trial court, Abdelqader did not meet its burden of proof to establish that the zoning was clearly arbitrary and unreasonable. In essence, Abdelqader argues that because it cannot use the structure located within the U3 zone for commercial use, the division is arbitrary and unreasonable. Abdelqader fails to provide any authority to support the notion that the property's division into two separate and different zoning classifications is arbitrary and unreasonable.

**{¶22}** Although the placement of the structure on the parcel may make commercial use of the property impractical, such inconvenience does not necessarily lead to the conclusion that the restriction is arbitrary and unreasonable. Zoning regulations are inherently restrictive in purpose. And that is where Abdelqader's argument falls short; evidence of a hindrance is not proof of unconstitutionality.

**{¶23}** Abdelqader's second assignment of error is overruled.

### III.

**{¶24}** Abdelqader's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                                    _____

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JACK MORRISON, JR., THOMAS R. HOULIHAN, THOMAS A. MARINO, II, and JOSHUA VAUGHAN, Attorneys at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER and JOHN R. YORK, Assistant Directors of Law, for Appellee.